UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

JOSEPH R. POLLARD II,

    Plaintiff,

v.

CAPTAIN WESLEY J. WEST, ET AL.,

    Defendants.

Civil Action No. 5:21-318-KKC

**MEMORANDUM OPINION AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

Joseph R. Pollard II is incarcerated at the Fayette County Detention Center in Lexington, Kentucky. Proceeding without an attorney, Pollard filed a civil rights complaint with this Court. [*See* R. 1]. The Court has conducted an initial screening of that complaint pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2). Ultimately, there are numerous problems with Pollard's pleading, and the Court will dismiss it.

As an initial matter, Pollard's complaint, as currently drafted, is exceedingly difficult to follow and does not comply in any meaningful way with the Federal Rules of Civil Procedure. After all, the complaint certainly does not comply with Rule 8 because it does not contain "a short and plain statement of the claim showing that [he] is entitled to relief" and fails to include allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). Instead, Pollard's complaint spans numerous hard-to-follow pages that contain vague factual allegations, superfluous details, and confusing claims for relief. [*See* R. 1 at 2-20]. Pollard also lists six different defendants and suggests that each one ran afoul of various sources of law, but he does not consistently link his allegations to those defendants, as the Court's approved complaint form

specifically directs. [*See id.*]. Simply put, Pollard's complaint is very hard to track, and, as a result, he has failed to state a claim for relief in any readily understandable way.

Still, the Court affords Pollard latitude as a *pro se* litigant, and it has tried to identify and screen those legal claims it can follow. As best as the Court can tell, Pollard repeatedly claims he is being denied access to the courts. [*See* R. 1 at 4-6, 9]. For example, at one point, Pollard says:

> I'm writing in the matter of law to dispute for your consideration. I would ask under the right to fairness and due consideration. I come voir dire with reasonable doubt that the up said time is malafides due to the mitigating circumstances. Furthermore, I come with merits and relinquishment for deposition. I don't understand the grounds for such malicious vexatious litigation on principle alone. I ask for your capacity. In this particular complaint, on merits such but not limited to my right to learn the law and go to court. *Although many rights are suspended, courts have protected a prisoner's constitutional right to access. This right includes a prisoner's ability to prepare for trial, with this pandemic my tablet is my primary law library.*

[*Id.* (emphasis added)]. Likewise, Pollard later discusses what he calls the "obligation to provide a prisoner with 'access' to courts by allowing some (but limited) access to legal assistance" before arguing that "the state may not limit your access to law libraries or legal assistance to the point that it functionally blocks access to courts." [*Id.* at 5-6]. And Pollard also says, "I need the law library to file the up said actions and motions! I need paralegal assistants." [*Id.* at 6].

Pollard, however, has not sufficiently stated a denial of access to the courts claim. After all, the United States Court of Appeals for the Sixth Circuit has made it clear that to plead a First Amendment "access-to-court claim, a plaintiff must allege *actual prejudice* to pending or contemplated litigation challenging the prisoner's conviction or conditions of confinement." *Thomas v. Dickson*, No. 18-2317, 2019 WL 6005487, at *2 (6th Cir. 2019) (emphasis added) (citations omitted). The Sixth Circuit has further explained that, to plead prejudice, the plaintiff must "identify a nonfrivolous, arguable underlying claim that the

2

defendants' actions prevented him from pursuing." *Id.* (quotation marks and citation omitted). In other words, "an access-to-court claim is, in essence, 'a case within a case,' and the plaintiff therefore must allege 'the law and facts sufficient to establish both the interference with his access to the courts, and the non-frivolous nature of the claim that was lost.'" *Id.* (quoting *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011)).

Here, Pollard seems to allege at least some facts related to interference, albeit in a confusing way. [*See* R. 2-11]. Pollard also references a variety of legal matters throughout his complaint, such as multiple disciplinary proceedings at the detention center, a matter he repeatedly refers to as a "level 3 offense," some sort of "internal affairs situation," correspondence in his underlying criminal case, and even his desire to challenge the conditions of his confinement. [*See* R. 1 at 2-11]. The problem, however, is that Pollard does not describe these various legal matters in an understandable way; in other words, it is not clear to the Court what underlying factual allegations he is trying to assert or what legal claims he is trying to advance. And Pollard certainly has not alleged either the law or facts sufficient to establish the merit of whatever claims he does want to pursue. Thus, as presently drafted, Pollard's complaint is simply insufficient.

Finally, the Court has reviewed the remainder of Pollard's pleading, but, as best as the Court can tell, he has not clearly stated a claim upon which relief may be granted against any of the named defendants.[1] To be sure, Pollard suggests that one or more prison officials improperly used force against him and denied him medical care, but his allegations appear to relate to conduct committed by individuals who are not actually listed as defendants. [*See id.* at 13-16]. And Pollard's remaining allegations are exceeding difficult to understand and thus unavailing.

---

[1] Pollard recently filed several other documents into the record [R. 7], but he has not actually moved to amend or supplement his complaint. Thus, those documents are not properly before the Court.

3

In light of the foregoing analysis, it is **ORDERED** that:

1. Pollard's complaint [R. 1] is **DISMISSED** on initial screening pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii).

2. All pending motions are **DENIED** as moot.

3. This action is **STRICKEN** from the Court's docket.

4. The Court will enter a corresponding Judgment.

This 7th day of February, 2022.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY